UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID GERY CONN,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

        Defendant.

CASE NO. 11cv5223-RJB-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

NOTING DATE: MARCH 23, 2012

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. (<u>See</u> ECF Nos. 21, 27, 28).

The Administrative Law Judge ("the ALJ") relied on a finding that plaintiff's treating physician opined that plaintiff was capable of full-time sedentary work, when the record was ambiguous as to this aspect of the treating physician's opinion. The ALJ also

failed in his duty to develop the record, and failed to discuss significant probative evidence regarding plaintiff's manipulative limitations on his ability to work and his alleged mental impairments. Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

## BACKGROUND

Plaintiff, DAVID GERY CONN, was born in 1969 and was thirty-five years old on his amended alleged disability onset date of September 30, 2004 (Tr. 9, 146). Plaintiff does not have any past relevant work, although his earnings record demonstrates some earnings in 1993-1995; in 1998-2002; and in 2005 (Tr. 15, 156). Plaintiff has work experience as a roofer, retail cashier and retail manager (Tr. 187). Plaintiff has at least the severe impairments of degenerative joint disease, degenerative disc disease, obesity and asthma (see Tr. 11).

## PROCEDURAL HISTORY

In March, 2008, plaintiff filed applications for Social Security Income and Disability Insurance Benefits (Tr. 144-54). His applications were denied initially and following reconsideration (Tr. 82-88, 93-103). Plaintiff's requested hearing was held before Administrative Law Judge Allen G. Erickson ("the ALJ") via videoconference on November 12, 2009 (Tr. 21-68). On December 21, 2009, the ALJ issued a written decision in which he found that plaintiff was not disabled pursuant to the Social Security Act (Tr. 6-17). On February 25, 2011, the Appeals Council denied plaintiff's request for

review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-3). See 20 C.F.R. § 404.981.

In March, 2011, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision (see ECF Nos. 1, 3). On June 28, 2011, defendant filed the sealed administrative record in this matter ("Tr.") (see ECF No. 17). In his Opening Brief, plaintiff challenges: (1) whether or not the ALJ failed in his duty to develop the record; (2) whether or not the ALJ erred in his step two findings regarding severe impairments; (3) the ALJ's review of plaintiff's credibility; and (4) the ALJ's review of plaintiff's residual functional capacity (see ECF No. 21, pp. 6-13).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" Sandgathe v. Chater, 108 F.3d 978, 980 (1996) (per curiam) (*quoting* Andrews, supra, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing* SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (other citation

omitted)); see also Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." Stout, supra, 454 F.3d at 1054 (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion. Stout, supra, 454 F.3d at 1054-55 (reviewing legal errors found to be harmless).

## DISCUSSION

1. <u>The ALJ erred in his review of the medical evidence by failing in his duty to develop the record and failing to explain why significant probative evidence was rejected</u>.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (*citing* Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, supra, 81 F.3d at 830-31 (*citing* Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation

thereof, and making findings." Reddick, supra, 157 F.3d at 725 (*citing* Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

However, the ALJ "need not discuss *all* evidence presented." Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." Id. (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981)).

a. Dr. Peter C. Taylor, M.D. ("Dr. Taylor"), treating physician

The ALJ found that plaintiff's "treating physician, Peter C. Taylor, M.D., consistently maintains throughout the record that the claimant can perform at least sedentary work" (Tr. 14 (*citing* Exhibit 1F, page 8, i.e., Tr. 265)). The ALJ also found that Dr. Taylor indicated on March 31, 2009 that plaintiff could perform sedentary work (Tr. 15 (*citing* Exhibit 13F, i.e., Tr. 860-73)). However, the ALJ failed to mention that in the same report Dr. Taylor opined that plaintiff "may not be able to work full-time" (Tr. 864). This is significant probative evidence that the ALJ should have discussed explicitly before rejecting. See Vincent, supra, 739 F.2d at 1394-95. This error is important because Dr. Taylor was plaintiff's treating physician and because the ALJ explicitly relied on the opinion of Dr. Taylor that plaintiff was capable of sedentary work (see Tr. 14, 15). See also Lester, supra, 81 F.3d at 830 (treating physician's opinion generally given greater weight). However, the record is ambiguous as to whether or not Dr. Taylor opined that plaintiff was capable of performing sedentary work full-time, as found by the ALJ (see Tr. 13).

The ALJ "has an independent 'duty to fully and fairly develop the record.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting* Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)). The ALJ's "duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam) (*citing* Driggins v. Harris, 657 F.2d 187, 188 (8th Cir. 1981)). This duty is "especially important when plaintiff suffers from a mental impairment." Delorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991)). This is "[b]ecause mentally ill persons may not be capable of protecting themselves from possible loss of benefits by furnishing necessary evidence concerning onset." Id. (*quoting* Social Security Regulation 83-20). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Tonapetyan, supra, 242 F.3d at 1150.

Here, the ALJ did not include a very extensive review of the medical evidence and appeared to rely heavily on the opinion by treating physician Dr. Taylor that plaintiff was capable of sedentary work (see Tr. 14-15). However, the record is ambiguous as to whether or not Dr. Taylor opined that plaintiff was capable of full-time work or only part-time work (see Tr. 864). The Court concludes that the record was not developed sufficiently by the ALJ. See Tonapetyan, supra, 242 F.3d at 1150. Although the ALJ found that Dr. Taylor "consistently maintains throughout the record that the claimant can perform at least sedentary work" and implied that Dr. Taylor opined that plaintiff was capable of such work full time, this finding is not based on substantial evidence in the

record as a whole. See Magallanes, supra, 881 F.2d at 750; see also Tonapetyan, supra, 242 F.3d at 1150; Vincent, supra, 739 F.2d at 1394-95.

b.  State agency medical consultant's opinions

Regarding state agency medical consultants, the ALJ is "required to consider as opinion evidence" their findings, and also is "required to explain in his decision the weight given to such opinions." Sawyer v. Astrue, 303 Fed. Appx. 453, 455, 2008 U.S. App. LEXIS 27247 at **3 (9th Cir. 2008) (citations omitted) (unpublished opinion). According to Social Security Ruling (hereinafter "SSR") 96-6p, "the administrative law judge or Appeals Council must consider and evaluate any assessment of the individual's RFC by State agency medical or psychological consultants," and said assessments "are to be considered and addressed in the decision." SSR 96-6p, 1996 WL 374180 at *4. However, even where the ALJ fails to discuss the state agency consultants' opinions, the decision may be upheld where "the ALJ's ultimate conclusion was supported by substantial evidence." Davis v. Barnhart, 71 Fed. Appx. 664, 667, 2003 U.S. App. LEXIS 15469 at **5 (9th Cir. 2003) (unpublished opinion).

According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5 at *20.

Here the ALJ did not explain why a state agency medical source opinion regarding manipulative limitations was not adopted, committing legal error. See id. Although the ALJ indicated that the opinions by the state agency medical consultants were "consistent

with the medical record," and gave them "significant weight," the ALJ failed to indicate why plaintiff's limitation in reaching overhead only occasionally, as opined by one of the state agency medical consultants, was not adopted into plaintiff's residual functional capacity ("RFC") (see Tr. 15 (*citing* Exhibit 8F, i.e., Tr. 733-40), 736). The other state agency medical consultant's opinion relied on by the ALJ is ambiguous as to manipulative limitations (see Tr. 1022 (Exhibit 21F)). Not only does the relevant Social Security Ruling require an explanation when medical source opinions conflict with the RFC as determined by the ALJ, but also, the state agency consultant's opinion that plaintiff suffered manipulative limitations in his ability to work in this matter is significant probative evidence that should have been addressed. See SSR 96-8p, 1996 SSR LEXIS 5 at *20; see also Vincent, supra, 739 F.2d at 1394-95.

Although defendant argues that Dr. Taylor did not opine that plaintiff suffered from manipulative limitations, the ALJ did not cite this record from Dr. Taylor and did not indicate any awareness of any of the aforementioned medical opinion evidence regarding plaintiff's manipulative limitations. See Bray, supra, 554 F.3d at 1226-27 ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking"). The ALJ cannot reject significant probative evidence regarding a limitation on a plaintiff's ability to work by failing to discuss it. See SSR 96-8p, 1996 SSR LEXIS 5 at *20; see also Vincent, supra, 739 F.2d at 1394-95.

c. Plaintiff's alleged mental impairments

Federal Regulations set forth a specific procedure for evaluating mental impairments. 20 C.F.R. § 404.1520a(a). This procedure applies "at each level in the administrative review process," including the ALJ's written decision issued after a hearing. See id. According to this procedure, the ALJ first must determine whether or not a medically-determinable mental impairment exists by evaluating the relevant symptoms, signs and laboratory findings. 20 C.F.R. § 404.1520a(b)(1); see also 20 C.F.R. §§ 404.1508, 404.1528. In a recent case where an Administrative Law Judge found that a claimant had a mental impairment, but that it was not severe, the Ninth Circuit concluded that the ALJ committed legal error by not documenting application of the special procedure required for evaluating mental impairments. Keyser v. Comm'r SSA, 648 F.3d 721, 726 (9th Cir. 2011); see also 20 C.F.R. § 404.1520a.

In this matter, the ALJ implicitly rejected all the evidence suggesting that plaintiff suffered from a mental impairment by failing to discuss it. As this Court has already noted, the ALJ may not reject significant probative evidence by failing to discuss it, see supra, section 1.b. See also, Vincent, supra, 739 F.2d at 1394-95. In addition, regarding mental impairments, the Court cannot evaluate whether or not the ALJ evaluated the relevant symptoms and signs when making the determination as to whether or not plaintiff suffered from a medically-determinable mental impairment, as required by the relevant federal regulation, because the ALJ did not include any discussion of the medical record regarding plaintiff's alleged mental impairment. See 20 C.F.R. § 404.1520a(b)(1); see also Keyser, supra, 648 F.3d at 726.

For example, on January 12, 2005, Dr. Taylor assessed that plaintiff suffered from reactive depression, which "improved on two week course of Fluoxetine" (Tr. 499). In February, 2006, Fluoxetine no longer is included in plaintiff's list of medications (see Tr. 495; see also Tr. 492). However, without explicit discussion in plaintiff's treatment record, Dr. Taylor indicated in August, 2006 that he had refilled plaintiff's prescription for the "chronic" medication of Fluoxetine (see Tr. 489). In December, 2006, Dr. Taylor assessed that plaintiff suffered from "[c]hronic dysthymia versus seasonal affective disorder, controlled with Fluoxetine" (Tr. 484). Dr. Taylor noted plaintiff's subjective statement that the Fluoxetine "seems to help with chronic low level depression" (id.). Also, following a neurosurgical medical consultation and examination with Dr. Delmar C. Sanders, M.D. ("Dr. Sanders") in October, 2009, Dr. Sanders opined that plaintiff suffered from chronic pain syndrome (Tr. 1119).

The medical evidence of plaintiff's mental impairments in the record is significant probative evidence that the ALJ should not have rejected without discussion. See Vincent, supra, 739 F.2d at 1394-95. In addition, federal regulations require the use of a special procedure when evaluating mental impairments. 20 C.F.R. § 404.1520a(a). An ALJ commits legal error by failing to document adequately the application of the special procedure required for evaluating mental impairments. See Keyser, supra, 648 F.3d at 726. Here, the Court is unable to determine whether or not the ALJ appropriately utilized the special procedure required when evaluating plaintiff's alleged mental impairments. See id.; see also Vincent, supra, 739 F.2d at 1394-95. The Court also notes that an ALJ's duty to develop the record especially is "important when plaintiff suffers from a mental

impairment." Delorme, supra, 924 F.2d at 849. For the reasons discussed and based on the relevant record, the Court concludes that the ALJ did not evaluate properly plaintiff's alleged mental impairments.

2. Plaintiff's credibility should be assessed anew following remand of this matter.

The review of a claimant's testimony and credibility is based in part on a review of the medical evidence. See 20 C.F.R. § 404.1529(c). The Court already has determined that the ALJ committed errors in his review of the medical evidence, see supra, section 1. Therefore, based on this reason and the relevant record, even though the ALJ considered relevant factors in his discussion of plaintiff's credibility, the Court concludes that plaintiff's testimony should be evaluated anew following remand of this matter. Similarly, due to the errors already discussed, the full five-step disability evaluation process should be completed anew following remand of this matter. Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (discussing the five step disability evaluation process); 20 C.F.R. §§ 416.920, 404.1520.

3. This matter should be reversed and remanded for further administrative proceedings.

The Ninth Circuit has put forth a "test for determining when evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178, 2000 U.S. App. LEXIS 38646 at **17 (9th Cir. 2000). It is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be

> made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (*quoting* Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996)).

Here, outstanding issues must be resolved. See Smolen, 80 F.3d at 1292. There is a large volume of medical and other evidence, and much in the record that was not reviewed explicitly by the ALJ. In addition, the medical record is not conclusive.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing* Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980))).

Therefore, remand is appropriate to allow the Commissioner the opportunity to consider properly all of the medical evidence as a whole and to incorporate the properly considered medical evidence into the consideration of plaintiff's credibility and residual functional capacity. See Sample, supra, 694 F.2d at 642.

CONCLUSION

The ALJ relied on a finding that plaintiff's treating physician opined that plaintiff was capable of full-time sedentary work when the record was ambiguous as to this aspect

of the treating physician's opinion. The ALJ also failed in his duty to develop the record and failed to discuss significant probative evidence regarding plaintiff's manipulative limitations on his ability to work and his alleged mental impairments.

Based on these reasons and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 23, 2012, as noted in the caption.

Dated this 28th day of February, 2012.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 14